STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>SHAKER ADVERTISING AGENCY, an Illinois corporation; and JOSEPH G. SHAKER, an individual,<br><br>Defendants. | Case No.: 2:10-cv-0862<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Shaker Advertising Agency ("Shaker Agency") and Joseph G. Shaker ("Mr. Shaker;" collectively with Shaker Agency known herein as the "Defendants"), on information and belief:

## **NATURE OF ACTION**

1.      This is an action for copyright infringement pursuant to 17 U.S.C. §501.

1

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Shaker Agency is, and has been at all times relevant to this lawsuit, an Illinois corporation.

5. Shaker Agency is, and has been at all times relevant to this lawsuit, identified by the current registrar, Network Solutions LLC ("Network Solutions"), as the registrant, administrative contact, and technical contact of the Internet domain found at <vegasjobs.com> (the "Domain").

6. Mr. Shaker is, and has been at all times relevant to this lawsuit, identified by the Illinois Secretary of State as the president of the Shaker Agency.

7. Mr. Shaker is, and has been at all times relevant to this lawsuit, in control of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website").

## JURISDICTION

8. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

9. Shaker Agency purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

10. Mr. Shaker purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

11. Righthaven is the owner of the copyright in the literary work entitled "$4.7 million will make local centers better click" (the "Work"), attached hereto as Exhibit 1.

12. At all times relevant to this lawsuit, the Work depicted and depicts the original source publication as the Las Vegas Review-Journal.

13. The Defendants copied, on an unauthorized basis, the Work from a source emanating from Nevada.

14. On or about March 3, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2.

15. The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.

16. The subject matter, at least in part, of the Work and the Infringement, is an economic stimulus package for computer training centers located in Las Vegas, Nevada.

17. At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas Review-Journal.

18. At all times relevant to this lawsuit, the Defendants knew that the Infringement was and is of specific interest to Las Vegas, Nevada residents.

19. The Defendants copied, on an unauthorized basis, the literary work entitled "Regulators and utility debate saving money or electricity" (the "Regulators Article"), attached hereto as Exhibit 3, from a source emanating from Nevada.

20. On or about May 12, 2010, the Defendants displayed and continue to display an unauthorized reproduction of the Regulators Article on the Website.

21. The Defendants' display of the Regulators Article was and is purposefully directed at Nevada residents.

22. The Defendants purposefully direct and effectuate the unauthorized reproductions of Righthaven-owned copyrighted works on the Website.

23. The Defendants' unauthorized reproduction of Righthaven-owned copyrighted works found on the Website is purposefully targeted at Nevada residents.

24. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, content emanating from Nevada-based daily publications.

25. The Defendants' contacts with Nevada are continuous and systematic because the Defendants utilized and utilize the Internet domain name <vegasjobs.com> to give the appearance that <vegasjobs.com> is a Las Vegas, Nevada-based business.

26. The Defendants' contacts with Nevada are continuous and systematic because the Defendants utilized and utilize a derivative of the iconic "Welcome to Fabulous Las Vegas" diamond-shaped sign as a logo on the Website, to give the appearance that <vegasjobs.com> is a Las Vegas, Nevada-based business.

27. The Defendants' contacts with Nevada are continuous and systematic because the Defendants advertised and advertise, on the Website, approximately one-thousand five-hundred Las Vegas, Nevada-based employment opportunities.

28. The Defendants' contacts with Nevada are continuous and systematic because the Defendants provided and provide, on the Website, a mechanism for Las Vegas, Nevada residents to register personal information, such as a résumé and employment skills, for Nevada-based employers to reference.

29. The Defendants' contacts with Nevada are continuous and systematic because the Defendants provided and provide, on the Website, a mechanism for Las Vegas, Nevada-based employers to advertise employment opportunities.

30. The Defendants' contacts with Nevada are continuous and systematic because the Defendants provided and provide, on the Website, a mechanism for Las Vegas, Nevada-based employers to search for potential candidates to fill employment opportunities.

31. The Defendants' contacts with Nevada are continuous and systematic because the Defendants provided and provide, on the Website, a mechanism for Las Vegas, Nevada-based businesses to create and post a descriptive company profile.

**VENUE**

32. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

33. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(c), because the Shaker Agency is subject to personal jurisdiction in Nevada.

**FACTS**

34. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

35. Righthaven is the owner of the copyright in the Work.

36. The Work was originally published on March 3, 2010.

37. On May 13, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX000713928 (the "Registration") and attached hereto as Exhibit 4 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

38. The Defendants claim ownership of the copyright(s) in the literary works posted on the Website as evidenced by a copyright notice displayed on the Website: "© 2010 VegasJobs.com."

39. No later than March 3, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

40. The Defendants replaced the original title of the Work, "$4.7 million will make local centers better click," with a new title, "Funds for Computer Training will Help Job Search in Vegas."

41. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

42. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

**CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

43. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 42 above.

44. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

45. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

46. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

47. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

48. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

49. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

50. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

51. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

52. Shaker Agency has willfully engaged in the copyright infringement of the Work.

53. Mr. Shaker has willfully engaged in the copyright infringement of the Work.

54. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

55. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus

entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. §502.

### PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

   c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct Network Solutions and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. §505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this fourth day of June, 2010.

        RIGHTHAVEN LLC

        By: /s/ J. Charles Coons
        STEVEN A. GIBSON, ESQ.
        Nevada Bar No. 6656
        J. CHARLES COONS, ESQ.
        Nevada Bar No. 10553
        JOSEPH C. CHU, ESQ.
        Nevada Bar No. 11082
        9960 West Cheyenne Avenue, Suite 210
        Las Vegas, Nevada 89129-7701
        Attorneys for Plaintiff